648         O'RIELLY v. ERICSON.

Opinion Per MITCHELL, J.         [125 Wash.

[No. 17852. Department One. July 23, 1923.]

JOHN R. O'RIELLY et al., Respondents, v. E. E. ERICSON et al., Appellants.[1]

DAMAGES (62)—MEASURE OF DAMAGES—INJURY TO PERSONAL PROPERTY—EVIDENCE—SUFFICIENCY. The owner's evidence that the use of his car was worth $10 per day to him, fails to sustain a finding of damages in the sum of $50 for loss of the use of the car, where, for nearly a year, he had neither had it repaired nor purchased another.

Appeal from a judgment of the superior court for King county, Brinker, J., entered September 7, 1922, upon findings in favor of the plaintiffs, in an action for damages sustained in an automobile collision, tried to the court. Modified.

Murphy & Kumm, for appellant.

MITCHELL, J.—This action arises out of a collision of automobiles at a street crossing. By a complaint and a cross-complaint each party, charging the other with negligence, has sued to recover damages. The trial without a jury resulted in findings, conclusions and judgment in the sum of $200 in favor of the plaintiffs, John R. O'Rielly and wife, from which the defendants, E. E. Ericson and wife, have appealed.

In important particulars there was substantial conflict in the evidence. Upon examining it as presented by the abstract prepared on behalf of the appellants, we are of the opinion that the evidence preponderates in favor of the finding of the trial court that the negligence of Ericson was the proximate cause of the collision and of the damage to respondents' automobile.

The judgment for damages in the total sum of $200

[1]Reported in 216 Pac. 886.

includes $50 for the loss of the use of the car. The item of $50 is especially objected to by the appellants. The respondent testified that he used the car for business purposes and that it was worth $10 a day to him, and although this was not denied or disputed on behalf of the appellants, nevertheless the respondent further testified that, down to the date of the trial, three hundred and forty-five days after the collision, he had neither had the car repaired nor purchased another one, but had at times, without stating how often, hired a car for use in his business. Manifestly, from his own testimony, there was neither a daily nor frequent need for an automobile in connection with his business, and since there is no proof whatever as to the time reasonably required to repair the automobile or procure another one suitable for his needs, the judgment to the extent that it includes $50 damages for the loss of the use of it is erroneous.

Remanded with directions to the superior court to modify the judgment accordingly.

MAIN, C. J., MACKINTOSH, BRIDGES, and HOLCOMB, JJ., concur.